# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**LAURA JOHNSON,**

    Plaintiff,

v.                                                    Case No: 5:14-cv-251-Oc-22PRL

**NDS USA, LLC, et al.,**

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on the parties' Amended Joint Motion for Approval of Settlement. (Doc. 26). The District Judge referred this matter to me to determine whether the settlement between Plaintiff and Defendants is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). (Doc. 24).[2]

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] The District Judge referred the initial Joint Motion for approval of the parties' settlement agreement. (Doc. 23). I issued an Order identifying several issues and directing the parties to file a revised proposed settlement agreement. (Doc. 25). In response, the parties filed the instant Amended Joint Motion. (Doc. 26).

settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

As set forth in the motion, the settlement provides that Defendants will pay Plaintiff $7,000.00. Defendants will also pay Plaintiff's counsel $2,159.00 in attorney's fees and costs. The parties agree that the settlement reflects a reasonable compromise of several disputed issues in this case including: Plaintiff's employment classification, whether she intended to work for Defendant, NDS USA, LLC, as an independent contractor; the proper venue for Plaintiff's non-FLSA claims; and whether or not Plaintiff was actually entitled to any type of unpaid wages and whether she would be able to prove any such unpaid wages. The parties, who were represented by counsel discussed these issues at length and engaged in detailed settlement discussions. The parties represent that they voluntarily agreed to the terms of the settlement agreement because both Plaintiff and Defendants run the risk that the Court or a jury would find against them if this matter went to trial. The parties state that they voluntarily agreed to the terms of their settlement and that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement.

Under these circumstances, the undersigned finds the settlement to be reasonable, especially considering the number of disputed issues and the vagaries of litigation.

As for the amount of attorney's fees and costs, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351, 2009 WL 73164, *2 (11th Cir. 2009). Here, the parties represent that the attorney's fees and costs were negotiated separately from Plaintiff's recovery and that they are fair and reasonable. *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). In addition, Plaintiff's counsel represents that he will not seek to recover anything further from Plaintiff.

As such, it is **respectfully recommended** that the parties' Amended Joint Motion (Doc. 26) be granted, the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the matter be dismissed, with prejudice.

Recommended in Ocala, Florida on February 10, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy